**CLD-206**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1282
_____

WILLIAM F. DAVIS, III,
                                        Appellant

v.

CORRECTIONAL MEDICAL SERVICES;
NURSE BEN ABIONA, individually and in his official capacity;
CRYSTAL E. HEATH, individually and in her official capacity;
SUPERVISOR RON HOSTERMAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:08-cv-00869)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 7, 2011)

_____

OPINION
_____


PER CURIAM

William F. Davis, III, a Delaware state prisoner proceeding pro se, appeals from the District Court's January 13, 2011 order dismissing his civil rights claims as to one defendant, and granting summary judgment in favor of the remaining defendants. For the reasons that follow, we will summarily affirm.

I.

Because we write for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. In November 2008, Davis, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this action by filing a pro se complaint in the District Court pursuant to 42 U.S.C. § 1983. The complaint, brought against Correctional Medical Services ("CMS"), nurse Ben Abiona, mental health counselor Crystal Heath, Corporal Daniel Barrett, Sergeant Hughes, and Correctional Officers Lindsey and White, raised multiple failure-to-protect claims and alleged that Davis's medical and mental health needs had not been met.

In January 2009, the District Court, acting sua sponte, dismissed all but one of the failure-to-protect claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The lone surviving failure-to-protect claim was directed against Barrett. The court also concluded that Davis's medical and mental health needs claims, which were directed against CMS, Abiona, and Heath (hereinafter collectively referred to as the "CMS Defendants"), could proceed. Davis subsequently dismissed his claim against Barrett voluntarily, and obtained the District Court's permission to amend his complaint to add prison supervisor Ron Hosterman as a defendant.

Hosterman ultimately moved to dismiss the claims against him pursuant to Fed. R.

2

Civ. P. 12(b)(6). Shortly thereafter, Davis, without the court's permission, amended his claims against Hosterman, who, in turn, moved to strike this new pleading. Around that same time, the CMS Defendants moved for summary judgment.

On January 13, 2011, the District Court entered an order granting Hosterman's motion to strike, his motion to dismiss, and the CMS Defendants' motion for summary judgment. In doing so, the court concluded that Davis's original claims against Hosterman, which included allegations that Hosterman had failed to investigate or respond to a letter written by Davis, failed to allege a constitutional violation. The court further concluded that Davis's attempt to amend those allegations had been futile. As for the claims against the CMS Defendants, the court held that Davis's medical negligence claims failed to comply with Delaware law, his mental health treatment claims were unexhausted, and he had not shown that the CMS Defendants had been deliberately indifferent to a serious medical need in violation of the Eighth Amendment. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss or a motion for summary judgment. Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998). Additionally, a district court's decision to grant a motion to strike a pleading will not be disturbed absent an abuse of discretion. See, e.g., Hatchett v. United States, 330 F.3d 875, 887 (6th Cir. 2003); United States v. One Parcel of Prop. Located at R.R. 2, 959 F.2d 101, 104 (8th Cir. 1992); cf. In re Fine Paper Antitrust Litig., 751 F.2d 603, 604 (3d

3

Cir. 1984) (applying abuse of discretion standard in reviewing district court's denial of motion to strike a particular allegation from a pleading).

Having examined the record before the District Court, and for substantially the reasons set forth in the District Court's memorandum opinion entered on January 13, 2011, we agree with the court's disposition of the claims against Hosterman and the CMS Defendants.[1]  Because this appeal does not present a substantial question, we will summarily affirm the District Court's January 13, 2011 order.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  Davis's motion for appointment of counsel is denied.

---

[1] Davis does not challenge the District Court's earlier dismissal of the claims against Hughes, Lindsey, and White.